**Arthur HOLDER, Appellant,**

**v.**

**Lillian Mitchell HOLDER, Appellee.**

Court of Appeals of Kentucky.

Feb. 16, 1968.

Thomas F. Marshall, Frankfort, for appellant.

Harry B. Miller, Miller, Griffin & Marks, Lexington, for appellee.

WADDILL, Commissioner.

In this action Mrs. Holder was granted an absolute divorce, awarded $18,000 as lump sum alimony payable at the rate of $150 per month and allotted certain personal property. The judgment ordered Mrs. Holder to restore to her former husband the interest in their farms she had obtained from him by reason of their marriage (KRS 403.065) and impressed a lien upon his farms to secure the payment of the alimony. Mr. Holder has appealed to this court contending that the award of $18,000 is manifestly excessive. The parties will hereinafter be referred to as appellant and appellee.

Appellant and appellee were married during September 1942, and had lived together

until their petulant quarreling brought about their separation in March 1966. Appellant is approximately 52 years of age, has less than a high school education and has been employed by a local distillery since 1953. His annual salary at the distillery for 1965 was $6,568.42. Appellee is about 48 years of age, is a high school graduate, unemployed and claims she is physically unable to work. They have three children, the youngest being about 14 years of age.

At the time of their marriage neither appellant nor appellee had any money or property and the salary appellant drew from a local bakery was his entire source of income. However, his credit was good and in 1947 he purchased on credit a 73-acre farm for $4,500. During 1961 he received a windfall when the Department of Highways paid him $16,000 for approximately 27 acres of this farm. He then spent about $5,000 improving his home and invested $25,000 in another farm, paying $10,000 in cash and financing the balance of the purchase price.

At the time of the trial appellant's assets consisted of two farms, farm machinery, cattle and other personal property, all of which had an estimated value of $42,000. Appellant's evidence tends to show he is indebted in the sum of $19,718.12, while appellee testified that she thought his indebtedness was about $15,000. There is little difference in their testimony as to the value of his farms.

As found by the Chancellor, appellant is obligated to pay appellee alimony as she was not wholly at fault in disrupting the marriage and was not guilty of any moral delinquency. Coleman v. Coleman, Ky., 269 S.W.2d 730. She has passed middle-age has no property of her own, and is unable to earn a living. Appellant has little cash on hand and his farms are both mortgaged. If he were ordered by the court to pay a substantial cash lump sum alimony it would apparently be necessary for him to sell his farms. In view of this and the

further fact that appellee has had little experience in investing money or otherwise taking care of her own financial matters, we believe that the Chancellor found an adequate solution to the alimony question by ordering appellant to pay appellee lump sum alimony at the rate of $150 per month. (Monthly payments of $150 over a ten-year period, figured at the legal rate of interest, have the same value as a present lump sum payment of $13,513).

The alimony that appellee will receive is barely enough to maintain her. With the cost of food, clothing and rent soaring to new heights each month it will take frugal maneuvering for her to live on the sum awarded her. We are unwilling to say that the award is excessive.

The judgment is affirmed.

All concur except EDWARD P. HILL, J., who dissents.